JODI LINKER
Federal Public Defender
Northern District of California
NED SMOCK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:        Ned_Smock@fd.org


Counsel for Defendant KAMATH


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RESHMA KAMATH,<br><br>Defendant. | Case No.: 25-cr-371 JAM<br><br>**MOTION TO PERMIT OUT-OF-DISTRICT TRAVEL AND TELEHEALTH COUNSELING** |

Reshma Kamath had her initial appearance on November 13, 2025 and was released from custody.  At a hearing yesterday, the defense raised two requests: first, that Ms. Kamath be permitted to travel out-of-district next month and second, that she be permitted to do mental health counseling over Zoom.

Ms. Kamath plans to travel to Hawaii between June 5 and June 14, 2026 and to Lake Havasu City, Arizona between June 27 and July 6.  Ms. Kamath also plans to be in Napa between June 19 and June 23 but no permission is required because Napa is within the Northern District of

California.  Ms. Kamath will provide travel details including flight information and lodging location to her Pretrial Officer.  Further, Ms. Kamath is seeking permission to transfer her mental health counseling from in-person appointments to appointments over Zoom.  As it stands, she commutes approximately 40 minutes each way to her appointments and she would like to avoid the associated cost and time.  She has no objection to involvement in counseling, but believes that she can gain the same benefit from having counseling sessions from her home over Zoom.

Accordingly, the defense seeks permission for Ms. Kamath to leave the District during the times set forth above and for her mental health counseling to be conducted over Zoom.  Whatever the Court's view on a move to telehealth counseling, Ms. Kamath would need to conduct her counseling over Zoom during the above times when she will be away from home.

The defense contacted the government and Pretrial Services to seek their positions on this motion.  The government does not take a position and defers to Pretrial Services.  Mr. Obien from Pretrial Services asked that Pretrial's position be set forth as follows:

Pretrial Services expresses significant concern regarding Reshma Kamath's request for leisure travel due to **financial contradictions and public safety risks.**

The defendant previously cited financial hardship in traveling locally to in-person therapy, which directly conflicts with funding the defendant's discretionary travel. Furthermore, because the instant offense involved assault of flight crew and security personnel, allowing commercial airline travel poses a risk to public safety and transportation security.

While Pretrial Services has serious reservations due to these compliance and safety concerns, we ultimately defer to the Court for a final determination.

With respect to Pretrial's position questioning the financial hardship of traveling to in-person therapy, Ms. Kamath's primary concern is the time spent traveling to and from counseling.  With respect to the stated concern about risk to public safety and transportation security related to Ms. Kamath's commercial air travel, Ms. Kamath already took one trip to Texas while on Pretrial supervision without objection from Pretrial and there were no issues.

May 29, 2026                                  JODI LINKER
Dated                                        Federal Public Defender
                                             Northern District of California

                                             _____/S_____
                                             NED SMOCK
                                             Assistant Federal Public Defender


IT IS SO ORDERED.


_____        _____

Dated                          HON. LAUREL BEELER
                               United States Magistrate Judge

STIPULATION AND [PROPOSED] ORDER 3